## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEIL WAGER** : | CIVIL ACTION NO. 1:09-CV-1073 |
| **Plaintiff,** : | (Judge Conner) |
| v. : | |
| **YORK COUNTY DOMESTIC RELATIONS**, *et al.* : | |
| **Defendants** : | |

## **ORDER**

AND NOW, this 14th day of January, 2010, upon consideration of the report (Doc. 25) of the magistrate judge, recommending that defendant's motions to dismiss (Doc. 23) be granted, and, following an independent review of the record, it appearing that the complaint in the above-captioned matter alleges federal civil rights claims of gender-based discrimination against institutional and individual defendants resulting from child support proceedings at the state level, and that the magistrate judge's report recommends that plaintiff's complaint be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine (see Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d. Cir. 2008) and Kwasnik v. Leblon, 228 F.App'x 238, 242 (3d Cir. 2007)), and the court noting that the magistrate judge also concluded that the dismissal of claims against the Commonwealth of Pennsylvania's agencies and state officials, acting in their official capacity, would be proper on the basis that they are protected by immunity under the Eleventh Amendment, and that the

dismissal of claims against judicial employees and officials would also be proper on the basis that they are entitled to immunity for the actions taken in their official capacity, and it further appearing that neither party has objected to this recommendation,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 25) of the magistrate judge is ADOPTED.

2. Defendant's motion (Docs. 12, 14, 23) to dismiss is GRANTED.

---

[1] Objections were due by October 26, 2009. As of the date of this order, none have been filed.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error").

3. Plaintiff's claims are DISMISSED.

4. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge